Electronically Filed
Intermediate Court of Appeals
29545
29-OCT-2013
08:14 AM

NO. 29545


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


THE ESTATE OF SAMUEL WAH KAM,
also known as YORK WAH KAM, Deceased


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 05-1-0290)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginzoa, JJ.)

Respondent-Appellant Mark Young (Young), *pro se*, appeals from a December 3, 2008 First Circuit Probate Court (Probate Court) Judgment On Order Granting Petition For Approval of Final Accounts and Distribution and Complete Settlement of Estate (Judgment) of Petitioner-Appellee The Estate of Samuel Wah Kam, also known as York Wah Kam (Estate).[1] On appeal, Young maintains that the Probate Court erred by finding that the Estate's counsel's (Counsel) fees and costs were reasonable and ordering payment of the requested amounts.

After careful review of the issues raised, the parties' arguments, record on appeal, and legal authorities, we resolve Young's appeal as follows and affirm.

---

[1] The Honorable Colleen K. Hirai presided.

Young states that "the only issue being appealed is the reasonableness of the attorney fees."[2] Young argues, among other things, that Counsel double-charged, her fees were excessive and violated the Hawaii Rules of Professional Conduct (HRPC), Counsel had the burden of proving that the hours charged were necessary, and the sale of the house was hampered by allowing the decedent's friend and his family to stay at the house rent-free. We disagree.

Hawai'i Probate Rules (HPR) Rule 40 is applicable here[3]

---

[2]  Initially, we note that Young's Opening Brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b). Young's failure to comply with HRAP Rule 28(b) in his Opening Brief hampers our review of this case. Young's non-compliance includes: (1) failure to provide a subject index, in violation of Rule 28(b)(1)(2) failure to set forth the course and disposition of proceedings in the Probate Court, failure to provide record references for fourteen of the nineteen statements under his "Statement of Case," and failure to append to his brief a copy of the judgment or any other relevant court orders, in violation of Rule 28(b)(3); (3) failure to include a statement of the points of error, in violation of HRAP Rule 28(b)(4); (4) failure to include a standard of review section, in violation of Rule 28(b)(5); (5) failure to discuss the specific findings and conclusions being challenged and failure to cite to the specific court orders at issue in the argument section, in violation of Rule 28(b)(7); and (6) failure to include a statement of related cases, in violation of Rule 28(b)(11).

While HRAP Rule 30 provides: "When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed or the brief stricken and monetary or other sanctions may be levied by the appellate court." "Nonetheless, inasmuch as this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible, we address the issues [raised] on the merits." Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999) (internal citations and quotation marks omitted).

Although Young has filed his Opening Brief as a *pro se* litigant, we note that he has represented in this case that he is a licensed attorney in Pennsylvania.

[3]  HPR Rule 40, entitled "Non-Statutory and Extraordinary Fees[,]" provides:

> (a) Amount. A fiduciary may pay fees for services of a fiduciary, attorney, or other professional that are not set by statute or court rule as long as the fees are just and reasonable in amount for the scope of services rendered. The reasonableness of the fees allowed shall be determined by all the facts and circumstances of the work performed including the complexity or ease of the matter, the experience, expertise, and uniqueness of services rendered, the amount of time spent on the matter, and the amount charged by others in similar situations.

(continued...)

and sets the standard for attorneys' fees as reasonableness under all the circumstances. HPR Rule 41, entitled "Evidence and Notice[,]"[4] sets forth the procedure by which an interested person may object to an attorney's requested fees and costs and requires that the objection be made before the hearing on the fee request.

Young fails to indicate how the Probate Court abused its discretion in its finding that Counsel's fees and costs were reasonable under the standard set out in HPR Rule 40. Furthermore, the record indicates that Young failed to timely object under HPR Rule 41 to Counsel's affidavits for fees and costs, except for the affidavit filed on March 7, 2007.

In her March 7, 2007 affidavit for fees and costs covering the period from March 11, 2006 through February 24, 2007, Counsel requested $14,863.11.[5] In his March 14, 2007 position statement, Young argued that Counsel's request for attorneys' fees and costs for this period was excessive and that

_____

[3](...continued)
          (b) Timing of Payment. A fiduciary may pay
     non-statutory and extraordinary fees as they are earned,
     subject to repayment if any interested person objects and if
     the court finds them excessive.

[4]     HPR Rule 41 provides:

          Whenever there is an objection to the fees of a
     fiduciary or attorney, or court approval of such fees is
     sought for any reason, the fiduciary or attorney whose fees
     are at issue shall file an affidavit, setting forth the
     amount and basis of calculation of the fees sought and any
     costs advanced which are to be reimbursed, at the same time
     as any petition seeking approval of such fees or any
     response to a petition objecting to such fees. The
     affidavit should specifically detail the charges for the
     services and costs rendered to the date of the affidavit and
     the anticipated charges and costs to complete the matter
     through preparation, processing, and service of the order.
     *Any interested person may file with the court and serve on
     the petitioner or its counsel an objection to the fees and
     costs requested no later than 24 hours prior to the hearing.*

(Emphasis added.)

[5]     On March 29, 2007, Counsel filed a First Amended Affidavit,
modifying the period of work completed from March 16, 2006 through
February 24, 2007, and served it on all the heirs. The total requested amount
slightly decreased from $14,863.11 to $14,130.13.

Counsel's "role was limited and thus, the necessity for these fee amounts is not demonstrated on this record." Young did not raise additional arguments, including the double-charging objections to costs that he now makes on appeal, in this position statement.

In the Probate Court's March 30, 2007 order, it found Counsel's request for fees and costs in the First Amended Affidavit to be reasonable.

Young argues that the Probate Court improperly allowed Counsel "to double charge for selling a house, where [Counsel] charged $14,863.11 to sell the house in addition to an hourly rate to 'protect' the estate[.]". Young's argument is not supported by the record. Counsel's First Amended Affidavit itemizes all of her work performed from the period of March 16, 2006 through February 24, 2007, and it details her services rendered that go beyond just "selling a house." Similar to Counsel's January 26, 2006 and March 15, 2006 affidavits, her First Amended Affidavit includes descriptions of services rendered, the dates they were performed, and the amount of time spent on each service. We do not find, nor does Young identify, any evidence of double-charging on Counsel's itemized list of services performed.

Because we find no evidence in the record indicating an abuse of discretion by the Probate Court in approving Counsel's fees and costs for work performed from March 16, 2006 through February 24, 2007, we reject Young's arguments challenging the reasonableness of these fees and costs.

Young's reference to the HRPC is inapposite because the HRPC does not establish any legal basis for Young's contention that the Probate Court's award of attorney's fees and costs was improper. The scope of the HRPC provides, in relevant part, "[v]iolation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. . . . [The rules] are not designed to be a basis for civil liability." HRPC Scope ¶[6].

4

Young's argument that the delay in the sale of the house caused the sale to miss the real estate boom, resulting in a lower sales price, also must fail.  Young offers no evidence in the record in support of his argument that the occupancy of the Estates' property by decedent's friend and his family hurt the Estate, and we find none.

In sum, we cannot conclude that the Probate Court abused its discretion by ordering payment of Counsel's requested fees and costs, totaling $51,953.38, in light of the facts and evidence in the record.

Therefore the First Circuit Probate Court's December 3, 2008 Judgment is affirmed.

DATED:  Honolulu, Hawai'i, October 29, 2013.

On the briefs:

Mark W.S. Young,
Respondent-Appellant, *pro se.*

Joyce K. Matsumori-Hoshijo,
for Petitioner-Appellee.

Presiding Judge

Associate Judge

Associate Judge